# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| GEORGE MADISON, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF EVANSVILLE, JASEN CLEGG, ) <br> and DARIN CLIFTON, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> DARIN CLIFTON, and JASEN CLEGG, ) <br> ) <br> Counter Claimants, ) <br> ) <br> v. ) <br> ) <br> GEORGE MADISON, JR., ) <br> ) <br> Counter Defendant. ) | Case No. 3:14-cv-00072-TWP-WGH |

**ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND DEFENDANT JASEN CLEGG'S MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on Parties' Objections to the Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery Responses and Defendant Jasen Clegg's Motion for Protective Order. On March 3, 2015 the Magistrate Judge issued an Order (Filing No. 48) granting in part and denying in part the Motion to Compel and the Motion for Protective Order. Plaintiff George Madison, Jr. ("Mr. Madison") filed objections, asserting that the motion for protective order should have been denied and the motion to compel should have been granted without limitation, with costs and fees awarded (Filing No. 50). Conversely, Defendants City of Evansville, Jasen Clegg, and Darin Clifton (collectively, the "Defendants") filed objections,

asserting that discovery should be prohibited until resolution of the Defendants' motion for summary judgment (Filing No. 49). For the following reasons, the Objections to the Magistrate Judge's Order are **OVERRULED**.

## I.  <u>LEGAL STANDARD</u>

Rule 26 of the Federal Rules of Civil Procedure governs discovery. It states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1).

The discovery rules are interpreted liberally and broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). A liberal and broad approach to discovery is appropriate because "discovery itself is designed to help define and clarify the issues." *Id.* However, Rule 26(b) permits the court to limit the scope of discovery. In fact, Rule 26(b)(2)(C) requires the court to limit discovery if the court determines that the burden or expense of the discovery outweighs its likely benefit. District courts have broad discretion in discovery matters, and therefore, discovery determinations are given substantial deference and are reviewed for an abuse of discretion. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001).

A pretrial, non-dispositive matter, such as a discovery motion, may be referred to a magistrate judge for decision. The parties may file objections to a magistrate judge's order. If objections are filed, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." F.R.C.P. 72(a). This standard is highly deferential. "The clear error standard means that the district court can

overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Therefore, the Court will modify or set aside the Magistrate Judge's Order only if it is clearly erroneous or contrary to law.

## II. DISCUSSION

The parties have each filed objections to the Magistrate Judge's Order which the Court will address in turn.

### A. Defendants Objection (Filing No. 49)

The Defendants argue that the Magistrate's Order should be set aside because they have asserted qualified immunity as a defense, therefore, the immunity issue should be resolved before allowing any discovery. They rely on *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) and other Supreme Court case law for their argument. Defendants' claim that the requested discovery is not relevant to qualified immunity or their pending Motion for Summary Judgment.

The Supreme Court cases cited by the Defendants explain that the question of qualified immunity should be resolved first because of the concern for "protecting government's ability to perform its traditional functions." *Wyatt v. Cole*, 504 U.S. 158, 167 (1992). The Defendants also point out that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Here, it does not appear that Mr. Madison is seeking to unnecessarily draw out this litigation by his discovery requests. The Defendants filed a summary judgment motion not only on the issue of qualified immunity but also on Mr. Madison's entire Complaint. Thus, Mr. Madison should be given the opportunity to defend against the Motion for Summary Judgment as to qualified immunity and his Complaint.

3

The heart of the Defendants' argument is that "[t]he Order is clearly erroneous because none of the requested discovery is necessary to address the issues presented in the Motion [for Summary Judgment]." (Filing No. 49 at 6.) Defendants argue that the discovery sought is not relevant. For example, they argue that their summary judgment motion addresses only the discriminatory intent element of Mr. Madison's equal protection claim, not the disparate impact element. They argue that the discovery sought is not relevant to the discriminatory intent element. However, the burden of a plaintiff defending against a summary judgment motion is not the same as the defendant's burden of advancing the motion. Unlike the defendant who needs to defeat only one element of the claim, a plaintiff must support each element of the claim to survive summary judgment. *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."). Thus, Mr. Madison is entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense," F.R.C.P. 26(b)(1), so that he has a fair opportunity to defend against the Defendants' Motion for Summary Judgment.

**B. Plaintiff's Objection (Filing No. 50)**

Mr. Madison filed a Motion for reconsideration of the Magistrate Judge's March 3, 2015 discovery rulings, asserting that it should be modified to remove any limitations to his discovery requests and to award him his costs and fees associated with his Motion to Compel. Specifically, he argues that the Magistrate Judge's Order is contrary to law because "[i]t is *well-established* that, in § 1983 cases involving allegations of police misconduct, personnel files of the defendant officers are discoverable, as they may lead to evidence admissible under Federal Rule of Evidence 404(b)." (Filing No. 50 at 4, quoting *Clark v. Ruck*, 2014 U.S. Dist. LEXIS 51702, at *5 (N.D. Ill. Apr. 15,

2014) (citing other Illinois federal district court cases).) Relying on the same Illinois federal district court cases, Mr. Madison further argues that "the *entire* personnel file is discoverable, subject only to redaction of personal information." (Filing No. 50 at 5.) This Court, however, is not bound by the decisions of other federal district courts. Rule 26(b) permits, and in some instances requires, the Court to limit the scope of discovery. Significantly, the Illinois cases relied upon by Mr. Madison did not address the issue of qualified immunity, which in this case is important to the Court's consideration of limitations on discovery.

The Court finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law in imposing limitations on Mr. Madison's four outstanding discovery requests given the concerns of protecting the government's ability to perform its traditional functions, the burden or expense of the proposed discovery in comparison to its likely benefit, the needs of the case, the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and the procedural posture of the case. Further, limited production at this stage of the proceedings does not foreclose future disclosure of the requested materials at a later stage of the proceedings.

Mr. Madison also argues that the Magistrate Judge's Order is contrary to law because it did not award him his costs and attorney fees associated with the Motion to Compel since the "Order essentially granted the bulk of the Motion to Compel." (Filing No. 50 at 8.) To advance his argument, Mr. Madison points to Rule 37(a)(5)(A), which generally requires the payment of costs and fees by the losing party and/or attorney. However, that subsection of Rule 37(a)(5) does not apply here. Rule 37 clearly provides the Court with discretion to award, or not, costs and fees when the motion is granted only in part. "If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving

5

an opportunity to be heard, apportion the reasonable expenses for the motion." F.R.C.P. 37(a)(5)(C).

With the exception of quoting *Rickels v. City of South Bend*, 33 F.3d 785 (7th Cir. 1994)—which involved a decision granting a discovery motion in its entirety—Mr. Madison provides no authority to support his argument that it was contrary to law for the Magistrate Judge to not award costs and fees in the Magistrate Judge's Order, which granted in part and denied in part the discovery motions. The Magistrate Judge's Order is not clearly erroneous or contrary to law on this point.

### III. CONCLUSION

The parties' Objections to the Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery Responses and Defendant Jasen Clegg's Motion for Protective Order are **OVERRULED**. The discovery sought must be produced within **fourteen (14) days** of the date of this Order. Defendant's failure to comply within the deadline would likely justify a Rule 37 sanction.

**SO ORDERED.**

Date: 4/23/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark W. Sniderman
SNIDERMAN NGUYEN LLP
mark@snlawyers.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com